Next case. This case is 4-13-0698-C, PPG Industries v. Workers' Compensation Commission. Good afternoon. May it please the court, counsel. My name is Tim Shea. I'm here on behalf of the petitioner, Carrie Bonnett. This is probably an unusual case for you in the sense it's an interlocutory appeal. You've probably heard manifest weight of the evidence arguments all day until you can't think of anything else. This is a very interesting case here because what the judge did is he used a statute of limitations statute and defined it into an evidentiary statute. So the narrow question or issue for you is that Section 6D of the Illinois Workers' Compensation Act, which is the statute of limitations, which sets forth a three-year statute of limitations for filing a workers' compensation claim, act as a bar to the presentation of evidence of work activities that took place more than three years prior to the date of accident or manifestation date of a repetitive trauma injury. Now that is generous to the judge in the sense that the judge ultimately decided that the limitation of evidence should not necessarily be of the manifestation date but of the date of filing the application for adjustment of claim. This is a repetitive trauma case, correct? Yes, it is, Your Honor. So if we look at, pardon the term, absurdity of the argument or the decision of the judge, if we have a repetitive trauma case with, say, a January 1, 2007 manifestation date, but the application for adjustment of claim is filed on December 31, 2009, then in essence the only evidence that could be considered as part of the ruling by the arbitrator would be the day before the manifestation date of the injury. So if you look, if you carry it out to its absurdity, then basically what the judge has ruled is you get one day of evidence to make a determination as to whether this is a repetitive trauma case. And you're going to tell us it takes years sometimes to develop this conviction? That's absolutely correct. And I think when we look at all the cases, and starting off with Peoria Bellwood until it goes on with this progeny, we understand the concept of a repetitive trauma case that takes place over the passage of time. Any of us in this room that has ever addressed a causal connection opinion with a repetitive trauma case to a physician asks various components, not only the type of work performed, the repetition in which the work is performed, but also the duration of employment is always a component of every causal connection opinion. To limit the duration of employment to three years prior to the manifestation date defies all cases that we've had that looks at the evolvement and the duration of the employment and of the activities that ultimately leads to the day where the breakdown of the body part takes place, where then the petitioner visits with a physician. There are usually diagnostic studies, either an EMG, MRI, CAT scan. There is that moment, that eureka moment, where we know what the diagnosis is, and there's discussion of the work activities that transpire, and ergo we have the manifestation date. So are you saying that the circuit court confused the evidentiary issue with the statute of limitations issue? Absolutely, because there are two statutes, well actually one rule and a statute. The statute is 6D, which talks about the statute of limitations. And even if we're going to use the construction that counsel and the court decided upon, which is the asbestos and radiological exposure, it is still a statute of limitations from 25 years from the date of the last exposure. There is no addressing an evidentiary issue at all in the statute. The trial court, in issuing its decision, found that the statute of limitations issue being applicable to an evidentiary matter was a matter of first impression for Illinois court. Sure. Did you respond? Is there a good reason why it's an issue of first impression? Well, because I don't think a judge has ever brought this argument before. I think you're right. I think it's incredible. Mr. McGrath did a phenomenal job convincing a circuit court judge to use a statute of limitations as an evidentiary rule. I applaud counsel. Incredible. But he did. You should have bought him dinner. I've bought him plenty of dinners over the years. So was there a motion to reconsider the circuit court's ruling? No, what we did is we wanted simply to bring this up to the appellate court because Mr. McGrath has used the statute of limitations argument. We have many cases together. He uses it often. I just would rather have an appellate court decision to get rid of this issue once and for all so every one of these arbitration hearings I have, I don't have to address the statute of limitations issue in a repetitive trauma case. Was this hypothetical that you used here just a few moments ago brought up with the circuit court? Well, my young associate argued that, so I can't say whether she did or didn't. But perhaps that's why his argument was bought. Can I ask a question to simplify this? Yes. You know, there's a two-year statute of limitations for bringing a common law claim for personal injury in an auto accident. Sure. Would the theory of this finding in this case suggest that if you filed the action one day before the expiration of the statute of limitations, you couldn't introduce any evidence to the auto accident itself because it occurred more than two years prior to the filing of the action? Well, I think what you're doing is you're looking at a single episode trauma. And the case that they make reference to is this country mutual case that's an arbitration hearing that places a deadline in which to file a UIM claim. And they're trying to argue about the ability of the employer or the insurance company to collect evidence. Well, that's easy because we have a single episode trauma and we move forward. With the repetitive trauma case, we have occurrences that take place over years. And in this situation, an employee of nearly 37 years who worked a young woman at the time, older woman at the time that she became injured, worked day in and day out at a glass factory in Decatur, Illinois, until her shoulder gave out in an episode where she felt popping. I suppose the reason why I'm asking the question is it appears to me that if this were the law, that it works both ways. In other words, you would not be permitted to produce any evidence of any injury occurring prior to that date, but you wouldn't be able to introduce any evidence of no injury prior to that date if you were on a chain of events theory or anything on that order. Sure. You couldn't introduce evidence of good health because the good health would have preceded the expiration of the statute of limitations. Exactly. What he's doing is he's shutting down any evidence. In an auto accident, if you filed a lawsuit one day after the statute of limitations occurred, you could never prove the condition of a plaintiff on two days before the auto accident. Right. So... It's the same argument. Well, it's the same notion. Statutes of limitations have nothing to do with evidentiary ruins, it occurs to me. Right. I agree. Not that I'm telegraphing how I feel about this. No, no, no. I'm going to suggest something to you as well. If my client had worked for three years at this glass factory, but she'd worked 20 years prior to that three-year period at a meatpacking facility, certainly Mr. Makarowski wouldn't want this ruling because he would be barred from putting forth 20 years of an employee working at a meatpacking factory, which would certainly be contributory to a repetitive trauma case. And I don't want to use hyperbole, but the ruling using the statute of limitations as a bar to evidence is patently absurd. And there is an evidentiary rule that addresses that the Commission has, which is 7030.70 that discusses rules of evidence. If it's not governed by a specific statute under the Workers' Compensation Act, then we look at the rules of evidence of Illinois, which are the civil rules, and also any common law cases that define or at least set forth rules of evidence. So there is a statute or a rule that addresses evidentiary matters, and that was not at least considered by the Court when using the statute of limitations. And I don't know if I have anything else to say. You've probably heard everything you want to hear. Thank you very much for your time. Thank you, counsel. Counsel, you may respond. May it please the Commission. No, no, no. I'm sorry. All right. Don't get so bummed about anything you haven't said so far. And then I want to go back to the Commission. May it please the Court. Counsel, Robert Macaroski on behalf of the PPG. I think Mr. Shea is looking at this case the wrong way, and I think from the comments I heard from you, you're looking at it the wrong way. I don't think it is an evidentiary issue. Well, let me ask you then, at what point did you object to the evidence? And was this an evidentiary objection as opposed to a motion to dismiss based on the statute of limitations as a bar? Because the two are completely different. I raised at the very beginning, when the person started testifying as to what they did 34 years ago, I raised the statute of limitations as a defense, saying that you could only testify as to injuries or accidents that happened within three years. So you made an evidentiary objection as opposed to a motion to dismiss. No, I made a statute of limitations defense at that time. But a defense to what? Testimony? To evidence. To evidence, because my position was, Your Honor. Wait a minute. Hold on. Statute of limitations run against causes of action, not against evidence. Right. And what I was saying is that anything that occurred more than three years from the date of that application was barred by the statute of limitations. And here's why I say that. Just hear me out. Under Section 6D, that's what controls the statute of limitations in terms of workers' compensation. And the judge correctly stated, any case other than one where the injury was caused by exposure to radiographic materials or equipment or asbestosis, unless the application is following the commission within three years after the date of the accident, where no compensation has been paid, or within two years after the date of last payment of compensation, where any has been paid, whichever shall be later. Mr. Masierowski, we know what you said. Okay. Can I ask a question? Sure. What if the workers' compensation case were based upon aggravation of a preexisting injury, and the preexisting injury occurred more than three years prior to the date of aggravation? Under your theory, the guy would have no cause of action at all. That's right. Because he never proved the preexisting injury. But he can't introduce injuries or accidents. Well, he has to introduce evidence of the injury, would he not? No. What he can't introduce, Your Honor, and let me just walk through why I think this way We're wondering why you think that way, too. If you go back to 1978, when she first testified about her duties, if you look at Webster, you cited Webster in the Forest Preserve case, Webster defines trauma as an injury, okay? If she wanted to bring any of her injuries, specific injuries, in 1978 or 1980, she would be barred by the statute of limitations of bringing that in 2010, 2011. The same with any of her work activities that were done three years prior to that. You're characterizing activities with injuries. That's your first point. Injuries, trauma is defined, Your Honor, under Webster as an injury. But this is the date of the accident. You're talking about an accident. We're not talking about a trauma. But what I'm saying, Your Honor, is we're talking about specific injuries. Traumas are injuries. And if this person tried to bring those injuries or traumas that occurred in 1978 and 2011, you're still not answering my question about the aggravation of a preexisting injury. How would someone ever prove the underlying preexisting injury if your theory is correct? Because you're not bringing the preexisting injury as your cause in chief. You're saying this person has the preexisting injury, and the activities that were brought about by the specific injury or by the trauma within the three-year period aggravated that. How does the time for repetitive trauma bud into an actionable manner? Under all of the cases cited, under Oscar Meyer, under Durant, under General Electric, those cases dealt with the manifestation date. I have no problem with the manifestation date in this case. Wait a minute. What is the manifestation date? The manifestation date is when the person discovers that her condition is related to. It's the date of the accident. Right. That's the accident. I agree. I totally agree with your argument. There is no cause of action prior to manifestation. Right. I agree. Okay. I have no dispute on that. That's the accident date. Where I have a dispute is the person in a repetitive trauma, in this repetitive trauma case, is bringing about injuries or accidents that occurred to her. You're trying to set the state. Here's the flaw. Just listen to this. Injuries or accidents. We're talking about a work history. That's not necessarily injuries or accidents. How do I defend? And the statute of limitations says it's there so I have the opportunity, when the evidence is fresh, to defend. But, as you know, in the case law is clear. It's repetitive trauma, which means it could go back years. So you can't say it's not relevant to the inquiry because something happened five years earlier. A repetitive trauma, Your Honor, is an injury. And it's barred. It's not a specific date. It's an injury. And you have to bring an injury within three years of the date of the arrest. Of the manifestation date. Right. Right. I disagree with that. He brings the action. He brings the injury. Hold on. Hold on. He brings the action within three years of the manifestation date. Right. So there is no statute of limitations applicable to it at all. And now he's bringing in evidence of what happened to him prior to that manifestation date that led to the carpal tunnel or whatever. But those are injuries that have occurred and the time for them to be brought is barred by the statute of limitations. It's not barred. Excuse me. It's only barred by the manifestation, by the statute of limitations, if it is brought more than three years after the manifestation. No, I totally disagree. If you look at Webster, Webster defines a repetitive trauma as an injury. The act is clear. If this person wanted to bring any of those injuries that occurred to her in 1974 or 1978 as a specific injury, then her claim would be barred. The act is clear. There's no exception here for repetitive trauma. You're setting your terms and you're defining your own terms. I'm telling you that's under Section 16. You're ignoring the words in the statute, date of accident. You keep talking about trauma. I don't disagree with the manifestation date. The manifestation date is the date of the accident. Right. Then you could go back three years from that date and show whatever repetitive trauma occurred within that period of time. Why are you limited to three years from that date? Because the person is limited under the act to bring her. No, Mr. McCloskey, here's where you're just totally wrong. Prior to the manifestation date, there was no statute of limitations running. Because the manifestation date, or the accident for repetitive trauma purposes, occurs on the date of the manifestation. Correct. The statute of limitation runs from that date forward, not backwards. But you're allowing them to introduce injuries or occurrences that would otherwise be barred to prove causal connection. No, no, no. Mr. McCloskey, we are allowing them to bring in evidence of the condition of their body before the manifestation date. What is it that happens to them? How do I defend? According to the statute of limitations is there to give the employer an opportunity to defend when the evidence is fresh. How do I go back and defend what she says occurred 34 years ago? How you defend it, I'm sure you're a very good lawyer and you'll figure out a way to defend it. But that's not the issue before us. Excuse me. This is some type of a decision that statutes of limitations relate to an evidentiary ruling. And they don't. What the judge is saying here and what I'm saying here is they're including in causation for the repetitive trauma injuries that are otherwise barred by the statute of limitations that weren't brought within the three years from the event. An injury for purposes of repetitive trauma occurs on the date of manifestation. I agree. There was no manifestation prior to that date. I agree. So they're not barred. I don't know, but what I'm saying is those injuries or occurrences in 1974 and 1978 that could have been brought then. They couldn't be. They weren't manifest. Mr. McCloskey, unless they're manifest, they couldn't have been brought. No, they're injuries, Your Honor. They could have been brought on a specific basis. So what you're saying here in a repetitive trauma case, there's no exclusion of any evidence ever going backwards. We could go back 50 or 60 years. Certainly. Mr. McCloskey, you want an evidentiary ruling? Object based on relevance. And if you lose it on relevance, it comes in. Right. In this case, Your Honor, not only did they include evidence of what she did at my place of employment, but they included evidence of what she did at General Cable, who I don't represent. You would have a winning argument in the next case with the claimant goes to the doctor. The doctor says, you've got carpal tunnel syndrome. And three and a half years later, somebody files a claim, and you come running in, and you win that case. Well, probably you wouldn't win it under Duran, but that's all right. Well, it's possible. So here, that's the problem you've got. Your Honor, except this, anyone who didn't bring an accident or injury, multiple sprained ankles, multiple epicondylitis, you know, I can't bring that now in a specific injury, but now I could bring it under repetitive trauma. Because now I'm saying my condition manifests itself. I could go back and put in all those things that were otherwise barred. There's no exception to repetitive trauma. What you should prove is the manifestation date was some day long before the date she claimed. And then, of course, you'd lose that under Duran anyway. But the fact of the matter is. So how is an employer supposed to be able to defend themselves on things that occur 34 or 40 years from now? That's the law. But it's barred because you're talking about individual injuries that have occurred, that if she brought them as a specific injury, it would be barred. We don't know if they were injuries. That's repetitive trauma. Mr. MacRoskey, you should address that to someone who had something to do with the evidentiary code. That would be me, but I don't think it's the right person. The fact of the matter is, statutes of limitations do not apply to evidence. But you're allowing in this repetitive trauma argument that is being made, things that were barred previously by the statute of limitations as if they were brought by specifics. No. So you're saying in a repetitive trauma case, you could go back as far as you want. You could go back 50 years, 75 years from a date of enactment and say, I did this, and I'm supposed to be able to defend. That makes no sense at all. The statute of limitations is there, so I have the opportunity to look at the evidence when it's fresh. How do I know in a workers' compensation case there's no discovery? How do I know until I sit down at trial that she's going to testify for 34 years? These are all great arguments you can address to the legislature. I don't think you'd be terribly successful with them, but you can address them to them. But I think the legislator has addressed, Your Honor, whether or not you could include specific injuries or occurrences. Webster, again, defies its trauma as an injury. Whether or not you could revive those by now calling them instead of specific injuries, you could revive them and say, well, it's repetitive trauma, so I could talk about it. I think you need to recognize repetitive trauma is different than a specific incident on the same day. But it's not considered different in terms of Section 16. It has to be, because it can be built up over the years. But it's not. It's the statute. The repetitive trauma theory was developed by the courts. No one ever addressed the statute of limitations in any of those cases prior. Well, we're going to address it now for you. No one ever addressed it. We'll address it in this case. Quickly. I'm sure you will. Quickly. Okay, counsel, thank you. Thank you. Thank you, counsel. Sit your chest down. Thank you. Both counsel, this matter will be taken under advisement, and a written disposition shall issue.